

**IT IS ORDERED**

**Date Entered on Docket: March 8, 2019**

_____

**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REYNALDO G. CHAVEZ, JR., | § | |
| aka REYNALDO CHAVEZ, | § | CASE NO. 17-12197-j7 |
| aka RAYNALDO B. CHAVEZ, | § | |
| aka RAY CHAVEZ, and | § | CHAPTER 7 |
| aka REYNALDO J. CHAVEZ, | § | |
| | § | |
| _Debtor_ | § | |

**DEFAULT ORDER GRANTING 21ST MORTGAGE CORPORATION**
**RELIEF FROM STAY AND ABANDONMENT OF 1999  MOBILE HOME**

This matter came before the Court on the Motion for Relief from Stay and to Abandon

Property (Doc #78) t(he "Motion"), filed on February 8, 2019 by 21ST Mortgage Corporation, a

secured creditor in the above-entitled and numbered case ("Movant").  The Court, having reviewed

the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)      On February 8, 2019 Movant served the Motion and Notice of the Motion (the

"Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the

Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor and all parties on the matrix by United States First Class U.S. Mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the following personal property: 1999 Oakwood Manufactured Home, Serial Number HOTX09907563;

(c)     The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on March 4, 2019;

(f)     As of March 4, 2019, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)      By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on March 4, 2019 she searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     The automatic stay pursuant to 11 U.S.C. Section 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Mobile Home.

2.     The automatic stay is modified to permit the Movant, to the extent permitted by applicable non-bankruptcy law, to repossess the Mobile Home and otherwise enforce all its rights

-2-

with regard to the Mobile Home, including any rights to sell the Mobile Home by judicial or non-judicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor, and doing whatever else may be necessary to preserve and conserve the Mobile Home. The automatic stay is further modified to the same extent in favor of all other persons claiming a lien on the Mobile Home.

3. The Trustee is deemed to have abandoned the Mobile Home from the estate pursuant to 11 U.S.C. §554, and the Mobile Home no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue to with respect to the Mobile Home and need not notify the Trustee of any sale of the Mobile Home.

4. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Mobile Home in accordance with applicable non-bankruptcy law.

5. This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Mobile Home. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Mobile Home.

6. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. Movant may contact Debtor directly to confirm intent to retain or surrender the Mobile Home, and to determine the location of the Mobile Home.

-3-

8.      This order is effective and enforceable upon entry.  The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.


### END OF ORDER ###


Submitted by:

*/s/ Susan P.  Crawford*
Susan P.  Crawford
CRADDOCK DAVIS & KRAUSE LLP
210 Montezuma Ave. Ste..200
Santa Fe, NM 87501
505 820 3368
214-336 6430 (Direct)
214-750-3551 (Fax)

ATTORNEYS FOR MOVANT
21st MORTGAGE CORPORATION

COPIES

**Debtor**
Reynaldo G. Chavez, Jr.
1751 W. Hadley Dr., #94
Las Cruces, NM 88005

**Counsel for Debtor**
R. Rey Arvizu, III
P. O. Box 1479
Las Cruces, NM 88004-1479

**Trustee**
Clark C. Coll
P. O. Box 2288
Roswell, NM 88202-2288

**US Trustee**
United States Trustee
P O Box 608

-4-

Albuquerque, NM 87103
Jefferson Capital Systems, LLC
P. O. Box 7999
St. Cloud, MN 56302-9617

PRA Receivables Management, LLC
P. O. Box 41067
Norfolk, VA 23541